UNITED STATES BANKRUPTCY COURT
DISTRICT OF
DIVISION

In re:                                   §
                                         §
HALUCZAK, MAUREEN D.                     §     Case No. 11-49163
                                         §
                  Debtor(s)              §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter      of the United States Bankruptcy Code was filed on          . The undersigned trustee was appointed on          .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                    $

      Funds were disbursed in the following amounts:

      Payments made under an interim
      disbursement
      Administrative expenses
      Bank service fees
      Other payments to creditors
      Non-estate funds paid to 3rd Parties
      Exemptions paid to the debtor
      Other payments to the debtor

      Leaving a balance on hand of[1]          $

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

     5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

     6. The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

     7. The Trustee's proposed distribution is attached as **Exhibit D**.

     8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ _____ . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

     The trustee has received $ \_\_\_\_ as interim compensation and now requests a sum of $ \_\_\_\_ , for a total compensation of $ \_\_\_\_ [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ \_\_\_\_ , and now requests reimbursement for expenses of $ \_\_\_\_ , for total expenses of $ \_\_\_\_ [2].

     Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____  By:/s/Elizabeth C. Berg, Trustee_____
                                                         Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

FORM 1 - MAUREEN HALUCZAK
INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
ASSET CASES

Page: 1
Exhibit A

| Case No: | 11-49163 CAD Judge: CAROL A. DOYLE | | | Trustee Name: | Elizabeth C. Berg, Trustee |
| --- | --- | --- | --- | --- | --- |
| Case Name: | HALUCZAK, MAUREEN D. | | | Date Filed (f) or Converted (c): | 12/07/11 (f) |
| | | | | 341(a) Meeting Date: | 01/09/12 |
| For Period Ending: | 02/15/13 | | | Claims Bar Date: | 09/21/12 |

| 1 | 2 | 3 | 4 | 5 | 6 |
| --- | --- | --- | --- | --- | --- |
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=554(a) Abandon DA=554(c) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Single-family residence 2263 Brookwood Dr. South E | 390,000.00 | 0.00 | | 0.00 | FA |
| 2. Single-family residence 5861 Chatsworth Ct. Hanove | 100,000.00 | 0.00 | | 0.00 | FA |
| 3. Checking, 1st Am. Bank, South Elgin, IL | 1,000.00 | 0.00 | | 0.00 | FA |
| 4. Checking, 1st Am. Bank, South Elgin, IL Funds from marital settlement | 7,500.00 | 5,000.00 | | 5,000.00 | FA |
| 5. Household Goods | 750.00 | 0.00 | | 0.00 | FA |
| 6. Wearing Apparel | 600.00 | 0.00 | | 0.00 | FA |
| 7. IRA | 3,000.00 | 0.00 | | 0.00 | FA |
| 8. 1/2 ex-spouse pension | 0.00 | 0.00 | | 0.00 | FA |
| 9. 2003 Hyundai Santa Fe | 5,000.00 | 0.00 | | 0.00 | FA |
| 10. 2002 Jaguar XKR | 12,375.00 | 0.00 | | 0.00 | FA |
| TOTALS (Excluding Unknown Values) | $520,225.00 | $5,000.00 | | $5,000.00 | Gross Value of Remaining Assets $0.00 (Total Dollar Amount in Column 6) |

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Trustee successfully objected to Debtor's claim of exemption in $7,500 marital property settlement obtained in
prepetition divorce.  Trustee settled claim to recover same from Debtor for lump sum payment of $5,000.00.  Trustee has
reviewed claims and prepared final report to make distribution to IRS on account of priority tax claim.

Initial Projected Date of Final Report (TFR): 03/31/13     Current Projected Date of Final Report (TFR): 03/13/13

          /s/     Elizabeth C. Berg, Trustee

LFORM1   UST Form 101-7-TFR (5/1/2011) (Page: 3)                                                                           Ver: 16.05c

**FORM 1 - MAUREEN HALUCZAK**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| | |
|---|---|
| Case No:    11-49163    CAD    Judge: CAROL A. DOYLE | Trustee Name:    Elizabeth C. Berg, Trustee |
| Case Name:    HALUCZAK, MAUREEN D. | Date Filed (f) or Converted (c):    12/07/11 (f) |
| | 341(a) Meeting Date:    01/09/12 |
| | Claims Bar Date:    09/21/12 |

_____ Date: 02/15/13
    ELIZABETH C. BERG, TRUSTEE

FORM 2 - MAUREEN HALUCZAK

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Page: 1
Exhibit B

| Case No: | 11-49163 -CAD | Trustee Name: | Elizabeth C. Berg, Trustee |
| Case Name: | HALUCZAK, MAUREEN D. | Bank Name: | Congressional Bank |
| | | Account Number / CD #: | *******7250  Checking Account |
| Taxpayer ID No: | *******2691 | | |
| For Period Ending: | 02/15/13 | Blanket Bond (per case limit): | $  100,000.00 |
| | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 06/05/12 | 4 | Maureen D. Haluczak<br>2263 Brookwood Drive<br>South Elgin  IL  60177 | Proceeds from Marital Settlement<br>$7,500 in bank account as of petition date representing money received as part of marital settlement; debtor claimed exemption in funds; Trustee's objection to exemption was sustained per court order 2/23/12; Trustee made demand for turnover of funds; ultimately, Trustee's settlement with Debtor was approved on 6/14/12 for turnover of $5,000 | 1129-000 | 5,000.00 | | 5,000.00 |

|  |  |  |
|---|---|---|
| COLUMN TOTALS | 5,000.00 | 0.00 | 5,000.00 |
| Less:  Bank Transfers/CD's | 0.00 | 0.00 | |
| Subtotal | 5,000.00 | 0.00 | |
| Less:  Payments to Debtors | | 0.00 | |
| Net | 5,000.00 | 0.00 | |

| TOTAL - ALL ACCOUNTS | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| Checking Account - *******7250 | 5,000.00 | 0.00 | 5,000.00 |
| | ----------------------- | ----------------------- | ----------------------- |
| | 5,000.00 | 0.00 | 5,000.00 |
| | ============== | ============== | ============== |
| | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

Page Subtotals     5,000.00     0.00

| | | EXHIBIT C - HALUCZAK | | | |
|---|---|---|---|---|---|
| Page 1 | | ANALYSIS OF CLAIMS REGISTER | | | Date: February 15, 2013 |

Case Number: 11-49163  
Debtor Name: HALUCZAK, MAUREEN D.

Claim Class Sequence

| Code # | Creditor Name & Address | Claim Class | Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| 001<br>2100-00 | Elizabeth C. Berg, Trustee<br>c/o Baldi Berg & Wallace<br>19 S. LaSalle St. #1500<br>Chicago IL 60603 | Administrative | | $1,250.00 | $0.00 | $1,250.00 |
| 001<br>3110-00 | Baldi Berg & Wallace, LLC<br>19 S. LaSalle St. #1500<br>Chicago IL 60603 | Administrative | | $2,500.00 | $0.00 | $2,500.00 |
| 000004A<br>040<br>5800-00 | Department of the Treasury -<br>Internal Revenue Service<br>P.O. Box 7317<br>Philadelphia, PA 19101-7317 | Priority | | $4,029.72 | $0.00 | $4,029.72 |
| 000001<br>070<br>7100-00 | Fifth Third Bank<br>9441 LBJ Freeway, Suite 350<br>Dallas, Texas 75243 | Unsecured | | $10,680.97 | $0.00 | $10,680.97 |
| 000002<br>070<br>7100-00 | Discover Bank<br>DB Servicing Corporation<br>PO Box 3025<br>New Albany, OH 43054-3025 | Unsecured | | $11,083.40 | $0.00 | $11,083.40 |
| 000003<br>070<br>7100-00 | FIFTH THIRD BANK<br>9441 LBJ FREEWAY,SUITE 350<br>DALLAS,TEXAS 75243 | Unsecured | | $700.00 | $0.00 | $700.00 |
| 000004B<br>080<br>7300-00 | Department of the Treasury -<br>Internal Revenue Service<br>P.O. Box 7317<br>Philadelphia, PA 19101-7317 | Unsecured | | $12.74 | $0.00 | $12.74 |
| 000005<br>070<br>7100-00 | Real Time Resolutions, Inc<br>1750 Regal Row, Suite 120<br>Dallas, Tx 75235 | Unsecured | | $47,563.53 | $0.00 | $47,563.53 |
| 000006<br>070<br>7100-00 | American InfoSource LP as agent for<br>Midland Funding LLC<br>PO Box 268941<br>Oklahoma City, OK 73126-8941 | Unsecured | | $4,256.40 | $0.00 | $4,256.40 |
| 000007<br>070<br>7100-00 | FIA Card Services, N.A.succ to<br>Bank of America, N.A. MBNA America<br>Bank,<br>PO Box 15102<br>Wilmington, DE 19886-5102 | Unsecured | | $22,518.90 | $0.00 | $22,518.90 |
| | Case Totals: | | | $104,595.66 | $0.00 | $104,595.66 |

Code #:  Trustee's Claim Number, Priority Code, Claim Type

### TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 11-49163
Case Name: HALUCZAK, MAUREEN D.
Trustee Name: Elizabeth C. Berg, Trustee

Balance on hand    $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Elizabeth C. Berg, Trustee | $ | $ | $ |
| Attorney for Trustee Fees: Baldi Berg & Wallace, LLC | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses    $_____

Remaining Balance    $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ _____ must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000004A | Department of the Treasury - | $ | $ | $ |

Total to be paid to priority creditors $_____

Remaining Balance $_____

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $          have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be       percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | Fifth Third Bank | $ | $ | $ |
| 000002 | Discover Bank | $ | $ | $ |
| 000003 | FIFTH THIRD BANK | $ | $ | $ |
| 000005 | Real Time Resolutions, Inc | $ | $ | $ |
| 000006 | American InfoSource LP as agent for | $ | $ | $ |
| 000007 | FIA Card Services, N.A.succ to | $ | $ | $ |

Total to be paid to timely general unsecured creditors $_____

Remaining Balance $_____

Tardily filed claims of general (unsecured) creditors totaling $          have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be       percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $          have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be       percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000004B | Department of the Treasury - | $ | $ | $ |

Total to be paid to subordinated unsecured creditors        $_____

Remaining Balance                                           $_____