UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | Case No. 11-49163 |
| Maureen D. Haluczak, | ) | |
| | ) | Honorable Carol A. Doyle |
| | ) | (Kane County) |
| Debtor. | ) | Hearing Date: April 4, 2013 |
| | ) | Hearing Time: 11:15 A.M. |

**COVER SHEET FOR APPLICATION FOR
PROFESSIONAL COMPENSATION**

Name of Applicant:                Elizabeth C. Berg, Trustee

Authorized to Provide
Professional Services to:         Estate

Date of Order Authorizing
Employment:                       December 7, 2011

Period for Which
Compensation is sought:           December 7, 2011 to Close of Case

Amount of Fees sought:            $1,250.00

Amount of Expense
Reimbursement sought:             $0.00

This is an:   Interim Application __        Final Application  _X_

If this is **not** the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed |
|---|---|---|---|

The aggregate amount of fees and expenses <u>paid</u> to the Applicant to date for services rendered and expenses incurred herein is: $0.00  .

Dated: March 13, 2013              Elizabeth C. Berg, Trustee of the Estate of
                                   Maureen D. Haluczak, Debtor


                                   By: ____/s/Elizabeth C. Berg, Trustee____
                                         Elizabeth C. Berg, Trustee

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| Maureen D. Haluczak, | ) | Case No. 11-49163 |
| | ) | Honorable Carol A. Doyle |
| Debtor. | ) | (Kane County) |
| | ) | Hearing Date: April 4, 2013 |
| | ) | Hearing Time: 11:15 A.M. |

**Application for Allowance and Payment of Final Compensation
of Elizabeth C. Berg, as Trustee**

Elizabeth C. Berg, not personally but solely as trustee ("Trustee") of the estate ("Estate") of Maureen D. Haluczak ("Debtor"), pursuant to sections 326 and 330 of title 11, United States Code ("Code"), requests this Court to enter an order allowing and authorizing payment to Trustee of $1,250.00 as final compensation for services rendered as trustee in this case from December 7, 2011 through the close of this case. In support thereof, Trustee states as follows:

**Introduction**

1.     Debtor commenced this case on December 7, 2011 ("Petition Date") by filing a voluntary petition for relief under chapter 7 of the Code.

2.     Elizabeth C. Berg is the duly appointed, qualified and acting chapter 7 trustee in this case.

3.     The Estate's sole asset was an interest in funds held in a bank account totaling $7,500 ("Funds") which were comprised of monies awarded to Debtor as a result of a marital property settlement.

4.     The bar date for filing claims in this case was September 21, 2012.

**Prior Compensation**

5.     This is the first and final application ("Application") for allowance of compensation filed by Trustee in this case.

6.  Trustee has not previously received or been promised any payments for services rendered or to be rendered in this case.

### Services Rendered by Trustee

7.  Since her appointment in this case, Trustee has performed actual, necessary and valuable services on behalf of the Estate. Itemized billing statements describing the Trustee's services from the date of appointment through the close of the case are attached hereto as Exhibit A. The services rendered by Trustee since her appointment in this case include but are not limited to the following:

   A.  Trustee reviewed and analyzed the Debtor's Schedules of Assets and Liabilities; the Debtor's Statements of Financial Affairs; and conducted an examination of the Debtor pursuant to Section 341 of the Code;

   B.  Trustee investigated Debtor's interest in and the value of the Funds; Debtor claimed an exemption in the Funds on the grounds that the Funds represented an award from a personal injury lawsuit; Trustee determined that the Debtor's ex-husband, not the Debtor, was the party in the personal injury lawsuit and accordingly, the Debtor had no basis to claim the Property exempt under 735 ILCS 5/12-1001; Trustee directed her attorneys to object to the exemption and the Court disallowed the exemption in the Funds; thereafter, the Trustee sought turnover of the Funds; when Debtor failed to surrender the Funds, Trustee directed her attorneys to file a motion for turnover; Trustee also filed a motion to extend the time to object to discharge because it appeared that Debtor had spent a portion of the Funds post-petition; ultimately, Trustee reached a settlement with the Debtor which was approved by the Court and Trustee collected $5,000.00 on account of the Funds;

   C.  Trustee invested and accounted for all funds received by the Estate and set up and maintained all bank accounts for the Estate;

D.　Trustee set up and maintained a computerized case management system for the Estate in order to efficiently keep track of records relating to the Estate's case history, assets, claims and banking activities;

E.　Trustee examined, analyzed and verified proofs of claim filed against the Estate; and

F.　Trustee otherwise administered this Estate and directed the allocation, liquidation and distribution of assets to creditors herein.

### Funds Collected and Disbursed by Trustee

8.　Trustee has collected the sum of $5,000.00 on behalf of the Estate. Trustee has made $0.00 in disbursements in this case as of the date hereof.

9.　Copies of the *Form 1 Individual Estate Property Record and Report and Form 2 Cash and Receipts Record* showing the disposition of the assets of this Estate are attached to the Trustee's Final Report, filed simultaneously herewith, as Exhibits A and B, respectively.

### Compensation Requested

10.　During the period covered by this Application, Trustee spent 18.10 hours rendering services on behalf of this Estate with a value of $3,770.00. Trustee estimates that she will spend an additional three hours rendering services with a value of $680.00 to obtain approval of the final report, make a final distribution to creditors and prepare and file her final account.

11.　The maximum compensation allowable to Trustee pursuant to section 326 of the Code, based upon the receipts and disbursements listed above, is $1,250.00 as follows:

　　　　25% of the first $5,000.00　　　　$1,250.00
　　　　Total allowable compensation　　　$1,250.00

After payment of the Estate's administrative claims, Trustee anticipates that there will be sufficient funds to make a distribution to priority tax claimants. Trustee does not

3

anticipate that there will be funds available to make a distribution to general unsecured creditors nor a surplus of funds to be returned to the Debtor.

12. Based upon the caliber of the services rendered by Trustee, the results achieved in this case and the efficiency of administration, Trustee requests allowance and payment of final compensation for her services rendered as trustee from the time of her appointment through the closing of this case in the amount of $1,250.00. This amount represents reasonable compensation for the services rendered by Trustee and is equal to the maximum compensation allowable as set forth in paragraph 11 above.

13. An affidavit pursuant to Rule 2016 of the Federal Rules of Bankruptcy Procedure, executed by Elizabeth C. Berg, as trustee, is attached hereto as Exhibit B.

14. Trustee requests that the compensation requested herein be paid from the Estate funds in her possession.

### Status of the Case

15. The Trustee has liquidated or abandoned (or sought to abandon) all of the assets belonging to this Estate and completed her review and analysis of the claims filed against the Estate.

16. Trustee has completed and filed her Final Report simultaneously herewith.

WHEREFORE, Elizabeth C. Berg, as trustee of the Estate of Maureen D. Haluczak requests the entry of an order providing the following:

A. Allowing to Trustee final compensation in the amount of $1,250.00 for actual and necessary professional services rendered and to be rendered on behalf of this Estate from December 7, 2011 through the closing of this case;

B. Authorizing the Trustee to pay the amount awarded from the Estate funds held by the Trustee as part of her final distribution in this case;

    C.    For such other and further relief as this Court deems appropriate.

Dated: January 22, 2013    Elizabeth C. Berg, as trustee of the estate of
Maureen D. Haluczak, debtor

    By: /s/ Elizabeth C. Berg
        Elizabeth C. Berg

Elizabeth C. Berg
Attorney I.D. No. 6200886
19 S. LaSalle St. Suite 1500
Chicago, IL 60603
(312) 726-8150

5

**Trustee's Final Fee Application**                                **Maureen D. Haluczak, Debtor**
                                                                    **Case No. 11-49163**

**Trustee's Itemized Billing Statements**

Exhibit A

**Baldi Berg & Wallace, Ltd.**
**19 S. LaSalle Street**
**Suite 1500**
**Chicago, IL 60603**

Phone: (312) 726-8150
Fax:    (312) 726-5067

FEIN: 36-4352753

**Invoice submitted to:**

November 23, 2012
Invoice No:   02130

Elizabeth C. Berg, Trustee
Baldi Berg & Wallace
19 South LaSalle Street
Suite 1500
Chicago, IL 60603

**In Reference to:**   *Haluczak - Trustee Matters*

**Professional Services**

| Date | Staff | Description | Hours | Charges |
|---|---|---|---|---|
| 1/11/2012 | ECB | Re: Haluczak -- Review case law re 12-1001(h) (4) exemption (1. 9) Review petition and schedules (.2) Teleconference with Debtor's counsel re objection to exemption and potential settlement of same (. 2) | 2.30<br>$300.00/ hr | $690.00 |
| 2/06/2012 | ECB | Re: Haluczak -- Place call to Roy Safanda re objection to exemption (.1) Confer with JDL re prep of objection to exemption (.1) | 0.20<br>$300.00/ hr | $60.00 |
| 2/07/2012 | ECB | Confer with JDL re prep of objection to Debtor's exemption in ex-spouse's PI suit (.1) Review and revise same (.1) Revise and finalize demand for turnover of bank account (.2) | 0.40<br>$300.00/ hr | $120.00 |
| 3/08/2012 | ECB | Review correspondence rec'd from Debtor's counsel re demand for turnover of bank statements | 0.10<br>$300.00/ hr | $30.00 |
| 3/22/2012 | ECB | Meet with Debtor at courthouse and discuss repayment (.1) Review documents produced and analyze ability to repay (.2) | 3.00<br>$300.00/ hr | $900.00 |

**Baldi Berg & Wallace, Ltd**                                      11/23/2012

Haluczak - Trustee Matters                                         Page   2

| Date | Atty | Description | Hours / Rate | Amount |
|---|---|---|---|---|
| 5/08/2012 | ECB | Confer with JDL re prep of 2nd motion to extend time to object to discharge | 0.10 $300.00/hr | $30.00 |
| 5/09/2012 | ECB | Teleconference with R. Safanda re extension of time to object to discharge (.1) Confer with JDL re prep of demand letter for installment payments from current income (.1) | 0.20 $300.00/hr | $60.00 |
| 5/15/2012 | ECB | Teleconference with R. Safanda re potential settlement of claim against debtor | 0.10 $300.00/hr | $30.00 |
| 5/22/2012 | JMM | Review Case File (.3) and Draft Motion to Settle with Debtor, (1.4) | 1.70 $85.00/hr | $144.50 |
| 5/24/2012 | JMM | Consult with ECB on Motion to Settle (.2) and revise the Motion to Settle (1.1) | 1.30 $85.00/hr | $110.50 |
| 6/05/2012 | JMM | Request EIN from IRS (.1), Request New Checking Account from Congressional (.1), Open New Checking Account (.1), Deposit Check into TCMS (.1) & Send Check to Congressional via FedEx (.1) | 0.50 $85.00/hr | $42.50 |
| 7/10/2012 | JMM | Process June 2012 Bank Statements (.1) & Reconcile Trustee Bank Account (.1) | 0.20 $85.00/hr | $17.00 |
| 8/07/2012 | ECB | Review of July 2012 bank statements | 0.10 $300.00/hr | $30.00 |
| 8/08/2012 | JMM | Process July 2012 Bank Statements (.1) & Reconcile Trustee Bank Account (.1) | 0.20 $125.00/hr | $25.00 |
| 9/14/2012 | ECB | Open and approve Aug 2012 bank statement | 0.10 $300.00/hr | $30.00 |
| 9/20/2012 | JMM | Process August 2012 Bank Statements (.1) & Reconcile Trustee Bank Account (.1) | 0.20 $125.00/hr | $25.00 |

**Baldi Berg & Wallace, Ltd**                                            11/23/2012

Haluczak - Trustee Matters                                               Page    3

---

| Date | Staff | Description | Hours/Rate | Amount |
|---|---|---|---|---|
| 10/16/2012 | JMM | Process September 2012 Bank Statements (.1) & Reconcile Trustee Bank Account (.1) | 0.20 $125.00/hr | $25.00 |
| 10/23/2012 | ECB | Review claims | 0.20 $300.00/hr | $60.00 |
| 10/26/2012 | JMM | Review case file and docket to update current status for preparation of Trustee's annual report | 0.80 $125.00/hr | $100.00 |
| 10/31/2012 | ECB | Review, revise and approve annual report, form 1 and form 2 prepared for filing with court and United States Trustee (.7) Confer with JMM re compilation and filing of both hard and electronic copies of same (.2) | 0.90 $300.00/hr | $270.00 |
| 10/31/2012 | JMM | Meet with Trustee re: case update & preparation of annual reports (.3) & Compile paper and electronic reports and arrange for filing of same with Bankruptcy Court and United States Trustee Office (.4) | 0.70 $125.00/hr | $87.50 |
| 11/14/2012 | JMM | Process October 2012 Bank Statements (.1) & Reconcile Trustee Bank Account (.1) | 0.20 $125.00/hr | $25.00 |
| 11/21/2012 | RKP | Review case file for information needed to prepare TFR and related documents (.5); email to E. Berg re: questions regarding case (.1); update system with information needed to prepare TFR and NFR (.4). | 1.00 $195.00/hr | $195.00 |
| 11/23/2012 | RKP | Draft Trustee Fee Application (1.2); prepare coversheet, proposed order and affidavit (.3); prepare TFR (1.0); and NFR (.4); review and edit Trustee final report package (.5). | 3.40 $195.00/hr | $663.00 |

|  |  |
|---|---|
| Total Fees | $3,770.00 |
| Total New Charges | $3,770.00 |

## Baldi Berg & Wallace, Ltd

Haluczak - Trustee Matters

11/23/2012

Page 4

| | |
|---|---:|
| Previous Balance | $0.00 |
| Balance Due | $3,770.00 |

### Timekeeper Summary

| Name | Hours | Rate |
|---|---:|---:|
| Elizabeth C Berg | 7.70 | $300.00 |
| Jason M Manola | 3.70 | $85.00 |
| Jason M Manola | 2.30 | $125.00 |
| Ricki K Podorovsky | 4.40 | $195.00 |
| | 18.1 | |

**Rule 2016 Affidavit**

**Exhibit B**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| Maureen D. Haluczak, | ) | Case No. 11-49163 |
| | ) | |
| | ) | Honorable Carol A. Doyle |
| Debtor. | ) | (Kane County) |

**Trustee's Affidavit Pursuant to Rule 2016**

State of Illinois    )
County of Cook    )

I, Elizabeth C. Berg, being first duly sworn upon oath, do depose and state as follows:

1. I am the duly appointed, qualified and acting trustee in this case and I have personal knowledge of the facts set forth herein.

2. I have read the First and Final Application for Allowance and Payment of Compensation of Elizabeth C. Berg, as trustee ("Application") and all of the factual matters set forth therein are true to the best of my knowledge, information and belief. I or my agents pursuant to my direction performed the services set forth and described in the Application.

3. I have not entered into any agreement with any other person or persons for the sharing of compensation to be received for services rendered in connection with this matter, except among the partners and associates of Baldi Berg & Wallace, Ltd. a law firm at which I have been employed during the pendancy of this case. I have not previously received payment of any compensation for services rendered in connection with this case.

4. Further affiant sayeth naught.

_____
Elizabeth C. Berg

Subscribed and Sworn to before me
on February 15, 2013.

_____
Notary Public

```
OFFICIAL SEAL
JASON M MANOLA
Notary Public - State of Illinois
My Commission Expires Nov 1, 2015
```

**Exhibit B**